**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **PNC BANK, NATIONAL ASSOCIATION** and **PNC EQUIPMENT FINANCE, LLC,** | Case No. 16-CV-50264 |
| Plaintiffs, | |
| v. | Honorable Frederick J. Kapala District Judge |
| **HARRIS SILVER AND SONS, INC., AG PLUS, LLC, 2AG, LLC, and MARK J. SILVER,** | Honorable Iain D. Johnston Magistrate Judge |
| Defendants. | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND JUDGMENT OF FORECLOSURE AND SALE

Plaintiffs, PNC Bank ("PNC Bank") and PNC Equipment Finance, LLC ("PNCEF"), by their attorneys Carlson Dash, LLC, and pursuant to FEDERAL RULES OF CIVIL PROCEDURE 55(a) & (b)(1), and 735 ILCS 5/15-1506(a) moves this Court for the entry of a (1) Default Judgment and (2) Judgment of Foreclosure and Sale against the above-named defendants. In support of its motion, Plaintiffs state as follows:

### Motion for Default

1. On August 11, 2016, Plaintiffs filed their Complaint (the "Complaint") seeking monetary judgments against their borrowers and guarantors for breach of contract relating to promissory notes and guarantees of those promissory notes, for the foreclosure of certain commercial real estate that stood as security for those promissory notes, for the delivery of certain collateral which also stood as security for those promissory notes, and for an accounting. A copy of the Complaint is attached as **Exhibit 1**.

2. On August 30, 2016, Harris Silver and Sons, Inc. was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 2**.

3. On August 30, 2016, AG Plus, LLC was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 3**.

4. On August 30, 2016, 2AG, LLC was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 4**.

5. On August 30, 2016, Mark J. Silver was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 5**.

6. Under FEDERAL RULE OF CIVIL PROCEDURE 12(a)(1)(A)(i), the Defendants had twenty-one (21) days within which to answer or otherwise plead to the Complaint.

7. To date, the Defendants have failed to appear in this matter or to file an answer or otherwise plead to the Complaint within the time allowed by law.

8. As a result of the Defendants' failure to appear, answer or otherwise plead to the Complaint, the allegations of the Complaint are deemed true. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994); *N.L.R.B v. Dane County Dairy*, 795 F.2d 1313, 1323 (7th Cir. 1986).

9. Attached as **Exhibit 6** is the affidavit of Randolph Webster III setting forth the amounts due and owing to PNC Bank, exclusive of attorneys' fees and costs as of October 21, 2016 is $1,284,076.48.

10. Further, the affidavit of Randolph Webster III attached as **Exhibit 6** sets forth the amounts due and owing to PNCEF, exclusive of attorneys' fees and costs as of October 21, 2016 is $36,300.24.

11. The Promissory Note referenced in the Count I of the Complaint provides that PNC Bank may recover reasonable attorney's fees and costs it incurs in seeking to collect

amounts due and owing under the Note.  *See* Note, Exhibit C attached to the Complaint, at p. 1 of 5, "Attorneys' Fees; Expenses".

12.     The Promissory Note referenced in the Count II of the Complaint provides that PNC Bank may recover reasonable attorney's fees and costs it incurs in seeking to collect amounts due and owing under the Note.  *See* Note, Exhibit D attached to the Complaint, at p. 2 of 3, "Attorneys' Fees; Expenses".

13.     The Promissory Note referenced in the Count III of the Complaint provides that PNC Bank may recover reasonable attorney's fees and costs it incurs in seeking to collect amounts due and owing under the Note.  *See* Note, Exhibit E attached to the Complaint, at p. 2 of 3, "Attorneys' Fees; Expenses".

14.     The Promissory Note referenced in the Count IV of the Complaint provides that PNC Bank may recover reasonable attorney's fees and costs it incurs in seeking to collect amounts due and owing under the Note.  *See* Note, Exhibit F attached to the Complaint, at p. 2 of 3, "Attorneys' Fees; Expenses".

15.     The Promissory Note referenced in the Count V of the Complaint provides that PNC Bank may recover reasonable attorney's fees and costs it incurs in seeking to collect amounts due and owing under the Note.  *See* Note, Exhibit G attached to the Complaint, at p. 2 of 3, "Attorneys' Fees; Expenses".

16.     The Promissory Note referenced in the Count VI of the Complaint provides that PNC Bank may recover reasonable attorney's fees and costs it incurs in seeking to collect amounts due and owing under the Note.  *See* Note, Exhibit H attached to the Complaint, at p. 2 of 3, "Attorneys' Fees; Expenses".

17.     The Promissory Note referenced in the Count VII of the Complaint provides that PNC Bank may recover reasonable attorney's fees and costs it incurs in seeking to collect amounts due and owing under the Note.  *See* Note, Exhibit I attached to the Complaint, at p. 2 of 3, "Attorneys' Fees; Expenses".

18.     The Promissory Note referenced in the Count VIII of the Complaint provides that PNC Bank may recover reasonable attorney's fees and costs it incurs in seeking to collect amounts due and owing under the Note.  *See* Note, Exhibit J attached to the Complaint, at p. 2 of 3, "Attorneys' Fees; Expenses".

19.     The Commercial Guaranties executed by Mark Silver and referenced in Count IX of the Complaint provide that PNC Bank may recover all attorneys' fees and costs in enforcing the Guaranty Agreement.  *See* Silver AG Plus Guaranties, Group Exhibit K attached to the Complaint, p. 2 of 9; p. 6 of 9, both titled "Miscellaneous Provisions."; Silver HSAS Guaranties, Group Exhibit L attached to the Complaint, p. 2-3 of 25; p. 6-7 of 25; p. 10-11 of 25; p. 14-15 of 25; p. 18-19 of 25; p. 23-24 of 25, all titled "Miscellaneous Provisions."

20.     The Commercial Guaranty Agreement executed by Harris Silver and Sons, Inc. and referenced in Count X of the Complaint provides that PNC Bank may recover all attorneys' fees and costs in enforcing the Guaranty Agreement.  *See* Harris Silver and Sons, Inc. Guaranty Agreement, Exhibit M attached to the Complaint, p. 2 of 4, "Miscellaneous Provisions."

21.     The Mortgage referenced in Count XI of the Complaint provides that PNC Bank may recover its reasonable attorney's fees and costs it incurs in enforcing the Mortgage. *See* Mortgage, Exhibit N attached to the Complaint, at p. 9 of 21, "Attorneys' Fees; Expenses".

22.     The Mortgage referenced in Count XII of the Complaint provides that PNC Bank may recover its reasonable attorney's fees and costs it incurs in enforcing the Mortgage. *See* Mortgage, Exhibit O attached to the Complaint, at p. 10 of 18, "Attorneys' Fees; Expenses".

23.     The Commercial Security Agreement referenced in Count XIII of the Complaint provides that PNC Bank may recover its reasonable attorney's fees and costs it incurs in enforcing the Commercial Security Agreement. *See* Commercial Security Agreement, Group Exhibit P attached to the Complaint, at p. 5 of 7, "Attorneys' Fees; Expenses".

24.     The Commercial Security Agreement referenced in Count XIV of the Complaint provides that PNC Bank may recover its reasonable attorney's fees and costs it incurs in enforcing the Commercial Security Agreement. *See* Commercial Security Agreement, Group Exhibit Q attached to the Complaint, at p. 5 of 7, "Attorneys' Fees; Expenses".

25.     The Commercial Security Agreement referenced in Count XV of the Complaint provides that PNC Bank may recover its reasonable attorney's fees and costs it incurs in enforcing the Commercial Security Agreement. *See* Commercial Security Agreement, Group Exhibit R attached to the Complaint, at p. 5 of 7, "Attorneys' Fees; Expenses".

26.     The Commercial Security Agreement referenced in Count XVI of the Complaint provides that PNC Bank may recover its reasonable attorney's fees and costs it incurs in enforcing the Commercial Security Agreement. *See* Commercial Security Agreement, Group Exhibit S attached to the Complaint, at p. 5 of 7, "Attorneys' Fees; Expenses".

27.     The Commercial Security Agreement referenced in Count XVII of the Complaint provides that PNC Bank may recover its reasonable attorney's fees and costs it incurs in enforcing the Commercial Security Agreement. *See* Commercial Security Agreement, Group Exhibit T attached to the Complaint, at p. 5 of 7, "Attorneys' Fees; Expenses".

28. The Commercial Security Agreement referenced in Count XVIII of the Complaint provides that PNC Bank may recover its reasonable attorney's fees and costs it incurs in enforcing the Commercial Security Agreement. *See* Commercial Security Agreement, Group Exhibit U attached to the Complaint, at p. 5 of 7, "Attorneys' Fees; Expenses".

29. The Mortgage referenced in Count XIX of the Complaint provides that PNC Bank may recover its reasonable attorney's fees and costs it incurs in enforcing the Mortgage. *See* Mortgage, Exhibit V attached to the Complaint, at p. 13 of 29, ¶ 13(b).

30. The Master Lease Agreement referenced in Count XXIII of the Complaint provides that PNCEF may recover its reasonable attorney's fees and costs it incurs in enforcing the Master Lease Agreement. *See* Master Lease Agreement, Exhibit W attached to the Complaint, at p. 4 of 13, ¶ 14(c).

31. As of October 21, 2016, Plaintiffs have incurred attorneys' fees and costs in the amount of $26,617.55. in enforcing the Note, Commercial Guarantees, Commercial Security Agreement, and Mortgages. Attached as **Exhibit 7**, is the Affidavit of Martin J. Wasserman in support of attorneys' fees and costs as of October 21, 2016.

**WHEREFORE**, Plaintiffs, respectfully requests that the Court enter an Order against the Defendants as follows:

A.	Finding the Defendants in default for failing to timely answer or otherwise plead in response to the complaint;

B.	Finding that the allegations of the complaint are deemed admitted as to defendants Harris Silver and Sons, Inc., AG Plus, LLC, 2AG, LLC, and Mark J. Silver;

C.	Entering a default judgment jointly and severally in favor of PNC Bank, National Association against Harris Silver and Sons, Inc. and Mark J. Silver in the amount of $1,284,076.48 plus attorneys' fees of $26,617.55 plus accruing interest from October 22, 2016 through the date of judgment, plus additional attorneys' fees and costs;

D.     Entering a default judgment in favor of PNC Bank, National Association against AG Plus in the amount of $330,589.14 plus attorneys' fees of $26,617.55 plus accruing interest from October 22, 2016 through the date of judgment, plus additional attorneys' fees and costs;

E.     Entering a default judgment in favor of PNC Equipment Finance, LLC against Harris Silver and Sons, Inc. in the amount of $36,300.24 plus attorneys' fees of $26,617.55 plus additional attorneys' fees and costs;

F.     Entering a judgment for turnover of assets in favor of PNC Bank, National Association against Harris Silver and Sons, Inc. for all equipment and personal property owned by Harris Silver and Sons, Inc.;

G.     Entering a judgment of foreclosure and sale against the property commonly known as 900 E. Madison Street, Belvidere, Illinois 61008, the property commonly known as 943 Raytek Road, Belvidere, Illinois 61008, and the property commonly known as 976 Raytek Road, Belvidere, Illinois 61008.

H.     For such other relief as this Court deems just and proper.

Respectfully submitted,

**PNC BANK, NATIONAL ASSOCIATION** and **PNC EQUIPMENT FINANCE, LLC**

By: /s/ Martin J. Wasserman
          *One of Their Attorneys*

Martin J. Wasserman
CARLSON DASH, LLC
216 S. Jefferson St., Ste. 504
Chicago, Illinois 60661
Telephone: (312) 382-1600
Email: mwasserman@carlsondash.com